IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED TRANSPORTATION UNION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 07-CV-251-WDS |
| ) | |
| UNION PACIFIC RAILROAD CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to stay or, in the alternative, to dismiss (Doc. 10), to which plaintiff has filed a response (Doc. 12) and to which defendant has filed a reply (Doc. 13).

## BACKGROUND

On March 1, 2007, the First Division of the National Railroad Adjustment Board ("Division") rendered Award No. 26448 pursuant to dispute resolution proceedings of the Railway Labor Act, 45 U.S.C. § 151 *et. seq.* (2000), in favor of defendant and against plaintiff on two claims. Under Claim No. 1, the Division found that plaintiff violated a provision of the parties' collective bargaining agreement. Under Claim No. 2, the Division found that plaintiff was subject to a penalty involving monetary damages for the harm it caused defendant in violating the collective bargaining agreement.

In its ruling, the Division did not settle the issue of any monetary award, rather, it retained jurisdiction over Claim No. 2 "for such limited period of time following adoption of the Award as is required to both resolve the damages issue and issue its supplemental Award relating thereto." (Award at 14.) The Division remanded the issue of quantifying damages to the parties for further discussion. *Id.*

Plaintiff seeks to have this Court, pursuant to 45 U.S.C. § 153 First (q) (2000), set aside

the Division's order, alleging that Claim No. 2 exceeds the Division's jurisdiction and fails to comply with the Railway Labor Act. Defendant responds that, as the Division's award is not yet final, the Court must stay, or in the alternative, dismiss plaintiff's claims.

## **ANALYSIS**

Section 153 First (q) of the Railway Labor Act provides that: "The court shall have jurisdiction to affirm the order of the Division or set it aside, in whole or in part, or it may remand the proceeding to the Division for such further action as it may direct." 45 U.S.C. § 153 First (q) (2000). However, jurisdiction to review a Division's order necessitates that the order first be final. Otherwise, the Court could not comply with the Act's requirement that "suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the Division of the Adjustment Board shall be conclusive on the parties." 45 U.S.C. § 153 First (p) (2000). *See also Norfolk & W. Ry. Co. v. Transp. Comm. Int'l Union*, 780 F. Supp. 364, 368 (E.D. Va. 1991) (stating that "courts may review only final awards").

Although the Court clearly has the discretionary power to stay proceedings, *see Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955), it would be inappropriate to exercise that discretion where it would clearly conflict with its jurisdictional power under the Railway Labor Act. The Supreme Court has held that "the effectiveness of the Adjustment Board in fulfilling its task depends on the finality of its determinations." *Union Pacific R.R. Co. v. Sheehan*, 439 U.S. 89, 94 (1978). For this reason, the Court will consider defendant's motion to dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), on a motion to dismiss the Court must assume all facts in the complaint are true and construe allegations in a light most favorable to the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez v. City of Goshen, Ind.*, 324 F.3d 535, 537 (7th Cir. 2003). Dismissal is appropriate only it if appears beyond a doubt that no relief

2

may be granted under any set of facts that could be proved consistent with the allegations in the complaint. *See Conley*, 355 U.S. at 45-46; *Veazy v. Commc'ns & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

The issue as presented in *Anderson v. Norfolk & W. Ry. Co.* is analogous to this case. 773 F.2d 880 (7th Cir. 1985). In *Anderson*, union members sought to overturn an arbitration award made in March of 1982 between their union representatives and the railroad as exceeding the arbitrator's jurisdiction and, in lieu of that award, confirm an award issued earlier by the same arbitrator in December of 1981. *Id.* at 881. The arbitration award issued in December of 1981sent both parties back to the bargaining table to continue negotiations and expressly reserved arbitral jurisdiction over the matter. *Id.* Following further negotiations, the parties reached a resolution and presented it to the arbitrator. *Id.* In a supplemental award issued in March of 1982, the arbitrator approved the proposed resolution "as his final binding award." *Id.* Although the court ultimately dismissed the case for lack of standing, Judge Gibson went on to address the substantive issue based on the grounds that the plaintiffs' complaint lacked merit. *Id.* at 882.

The court explained that "[t]o be considered 'final,' an arbitration award must be intended by the arbitrator to be his complete determination of every issue submitted to him." *Id.* at 883 (citing *A/S Siljestad v. Hideca Trading Inc.*, 678 F.2d 391, 392 (2d Cir. 1982) (per curiam)); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 441, 413 (2d Cir. 1980); *Puerto Rico Maritime Shipping Auth. v. Star Lines, Ltd.*, 454 F. Supp. 368, 372 (S.D.N.Y. 1978)). The *Anderson* decision reasoned that "because the arbitrator specifically left the resolution of the issues subject to further negotiations between the parties, the December award cannot be considered final." *Anderson,* 773 F.2d at 883.

It is completely appropriate for an arbitrator to change, modify, or amend his decisions

prior to the making of his final determination. *Id*. Thus, "an arbitrator's authority prior to his final decision would encompass the right to reconsider or amend any interim determinations" and cannot constitute an excess of jurisdiction. *Id.*

Here, the Division's award clearly states:

> The issue of quantifying damages is remanded to the Parties for further discussions. … Claim #2 is *partially sustained* in accordance with the Findings. The Board will retain jurisdiction of Claim #2 for such limited period of time following adoption of the Award as is required to both resolve the damages issues and *issue its supplemental Award* thereto.

(Award at 14 (emphasis added)). As in *Anderson*, the Division clearly left the monetary damages issue open for further discussion between the parties. In doing so, the Division made clear its intention that Claim No.2 was only partially resolved and thus preserved its jurisdiction to modify the original award in a future, supplemental award.

Plaintiff contends that *Anderson* is distinguishable from the present case in that the parties in *Anderson* were continuing to negotiate multiple substantive issues, not simply calculating the amount of damages to be awarded. Plaintiff cites to *Parks v. Pavkovic,* 753 F.2d 1397, 1402 (7th Cir. 1985)*,* for the proposition that an order is final and appropriate for review where it commands monetary damages, yet fails to compute the actual total owed. Specifically, the court in *Parks* held that the order was final and ripe for review because "computing the money owed … is automatic, it is mechanical, is unlikely to engender dispute or controversy, and will require no analytic or judgmental determinations that might affect the questions now before us …" *Id.*

The Court finds the present case distinguishable, however, in that it requires more than the mere computation of a total damages owed. In fact, the Division specifically remanded the issue of monetary damages back to the parties because it was "not persuaded that *the basis* for damages [Union Pacific] recommends is the appropriate one." (Award at 12 (emphasis added)).

4

Thus, not only was the total amount of monetary damages uncertain, but so was *method* by which those damages would be agreed upon. In remanding the case back to the parties, the Division clearly stated that "the issue of quantifying damages" must be resolved. Award at 14. Thus, it cannot be said, as in *Parks*, that there is no "dispute or controversy" yet to be resolved. The controversy of quantifying the monetary damages is very much still alive and important enough to the Division that it believed it necessary to remand the issue back to the parties for further negotiation.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** defendant's motion to stay and **GRANTS** defendant's motion to dismiss without prejudice as this award is not yet final. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 31, 2008.**

                                          **s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**